IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | | |
| | Plaintiff, | |
| vs. | | Case No. 1:17-cr-00015 |
| Joseph A. Kostelecky, | | |
| | Defendant. | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

[¶1]   THIS MATTER comes before the Court on a Motion to Reduce Sentence filed by the Defendant on July 14, 2023. Doc. No. 217. The United States filed a Response on August 8, 2023. Doc. No. 219. For the reasons set forth below, the Motion is **DENIED**.

[¶2]   According to the Defendant, he has been granted compassionate release by the Bureau of Prisons ("BOP") due to his terminal illness. He has been given less than six months to live. Due to the regulations on his home confinement, he is unable to travel to see his children and grandchildren. The United States argues (1) the Defendant failed to exhaust his administrative remedies because he has not shown he made an administrative request to modify his conditions of release to permit visiting his children and grandchildren; and (2) the BOP has already granted him release from custody and no further reduction is required. The Court agrees with the United States.

[¶3]   In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement. See 18 U.S.C. § 3582(c)(1)(A). There is no right to

counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). Nor is there a right to a hearing. See Dillon v. United States, 560 U.S. 817, 827-28 (2010) (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification). It should also be noted that the CARES Act does not provide the Court with any expanded authority to grant a motion to reduce sentence under 18 U.S.C. § 3582(c). See CARES Act, Pub. L. No. 116-136, 134 Stat 281 (2020).

[¶4] Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions if the Director of the BOP filed a motion, the filing of which rarely occurred. This changed when the First Step Act became law on December 21, 2018. The relevant portion of the new law now reads as follows:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> **(1)** in any case–
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, <u>or upon motion of the defendant</u> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, <u>may</u> reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> **(i)** extraordinary and compelling reasons warrant such a reduction;
>
> \* \* \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

[¶5] The First Step Act does not define "extraordinary and compelling reasons." The Sentencing Commission policy statement can be found at Section 1B1.13 of the 2018 Sentencing Guidelines Manual. However, the policy statement pertains to the old law rather than the new law and thus is of questionable applicability. See United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019) (concluding the old policy statement provides helpful guidance but does not control the district court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction.). This Court agrees that the Sentencing Commission's existing policy statement[1] provides only limited guidance. See United States v. Fox, No. 2:14-CR-03, 2019 WL 3046086, at *3 (D. Me. July 11, 2019). The Application Note to U.S.S.G. § 1B1.13 provides as follows:

1. **Extraordinary and Compelling Reasons**.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

      (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

---

[1] Although the Sentencing Commission has not published a 2023 edition of the Sentencing Guidelines Manual, there are proposed amendments to the Guidelines. See United States Sentencing Commission, Proposed Amendments to the Sentencing Guidelines (Feb. 2, 2023) found at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230201_RF-proposed.pdf. The proposed amendments would revise the list of "extraordinary and compelling reasons" in several ways. Relevant to the defendant's Motion, it would move them from the Commentary to the guideline. Id. at p. 2. Second, it would add a "Medical Condition of the Defendant" that would allow for consideration of "a medical condition that requires long-term or specialized care, without which the defendant is at risk of serious deterioration in health or death." Id. This amendment would not be applicable under the circumstances because, as discussed below, the medical condition does not require long-term or specialized care needed lest she suffer a serious health deterioration.

      (ii)    The defendant is–

          (I)    suffering from a serious physical or medical condition,

          (II)    suffering from a serious functional or cognitive impairment, or

          (III)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)    **Age of the Defendant**.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)    **Family Circumstances**—

      (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

      (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)    **Other Reasons**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2.    **Foreseeability of Extraordinary and Compelling Reasons**—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director of the Bureau of Prisons**—A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

   This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.

5. **Application of Subdivision (3)**—Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

U.S.S.G. § 1B1.13.

[¶6] The Court has considered the record in this matter and concludes a further sentencing reduction is not warranted because the Defendant has not shown extraordinary and compelling circumstances justify a further reduction in sentence beyond the home confinement granted by the Bureau of Prisons. As an initial matter, it appears the Defendant has made no efforts to request the BOP modify his conditions of release to travel to see his children and grandchildren. His request, therefore, is premature. See 18 U.S.C. § 3582(c). In addition, he is already on home confinement monitored by the Bureau of Prisons. He can get the healthcare he needs, and he has not alleged he is completely unable to visit his grandchildren. Any further reduction in sentence is not warranted under 18 U.S.C. § 3553(a). Accordingly, the Defendant's Motion to Reduce Sentence is **DENIED.**

- 6 -

[¶7]   **IT IS SO ORDERED.**

DATED August 29, 2023.

_____
Daniel M. Traynor, District Judge
United States District Court